UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| MALIBU MEDIA, LLC, | Case Number: 1:12-cv-04669 |
|---|---|
| Plaintiff, | Assigned to Honorable Charles P. Kocoras |
| v. | |
| JOHN DOES 1 through 7, | |
| Defendants. | |

## JOHN DOES' MOTION TO REASSIGN RELATED CASES

NOW COMES putative John Doe "X", in the above-entitled action, by and through counsel, to move that the Court reassign the following cases to a single judicial officer based on the relatedness of the actions, per L.R. 40.4(c):

| Case No. | Filed | Judge | Caption |
|---|---|---|---|
| 1:2012-cv-04669 | 6/14/12 | Kocoras | Malibu Media, LLC v. Does 1-7 |
| 1:2012-cv-04675 | 6/14/12 | Shadur | Malibu Media, LLC v. Does 1-14 |
| 1:2012-cv-04676 | 6/14/12 | Aspen | Malibu Media, LLC v. Does 1-50 |
| 1:2012-cv-04680 | 6/14/12 | Kennelly | Malibu Media, LLC v. Does 1-55 |
| 1:2012-cv-06672 | 8/20/12 | Kendall | Malibu Media, LLC v. John Does 1-17 |
| 1:2012-cv-06673 | 8/20/12 | Zagel | Malibu Media, LLC v. John Does 1-23 |
| 1:2012-cv-06674 | 8/21/12 | Feinerman | Malibu Media, LLC v. John Does 1-37 |
| 1:2012-cv-06675 | 8/21/12 | Lee | Malibu Media, LLC v. John Does 1-68 |
| 1:2012-cv-06676 | 8/21/12 | Dow, Jr | Malibu Media, LLC v. John Does 1-49 |
| 1:2012-cv-06677 | 8/21/12 | Lee | Malibu Media, LLC v. John Does 1-42 |
| 1:2012-cv-07030 | 9/1/12 | Tharp, Jr | Malibu Media, LLC v. Bochnak |
| 1:2012-cv-07031 | 9/1/12 | Darrah | Malibu Media, LLC v. Siembida |
| 1:2012-cv-07577 | 9/22/12 | Aspen | Malibu Media, LLC v. John Does 1-62 |
| 1:2012-cv-07578 | 9/22/12 | Shadur | Malibu Media, LLC v. John Does 1-25 |
| 1:2012-cv-07579 | 9/22/12 | Chang | Malibu Media, LLC v. John Does 1-23 |
| 1:2012-cv-08903 | 11/7/12 | Castillo | Malibu Media, LLC |
| 1:2012-cv-08904 | 11/7/12 | Pallmeyer | Malibu Media, LLC |
| 1:2012-cv-08938 | 11/7/12 | Dow, Jr | Malibu Media, LLC |
| 1:2012-cv-08939 | 11/7/12 | Bucklo | Malibu Media, LLC |
| 1:2012-cv-08940 | 11/7/12 | Conlon | Malibu Media, LLC |

# I. INTRODUCTION AND SUMMARY

So far in 2012 (as of November 8) Plaintiff Malibu Media, LLC has filed 365 John Doe mass copyright infringement lawsuits across the country, against nearly 6,000 individual defendants. These cases are part of what one Judge described as a "nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent." *In re: BitTorrent Adult Film Copyright Infringement Cases,* 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012) Case No. CV-11-3995-DRH-GRB, Dkt. No. 39 ("*In re: Adult Film Cases*") (comprehensive order and report of Magistrate Judge Gary Brown ordering severance of Does in cases filed by Malibu Media and Patrick Collins, among others, after all Malibu Media and Patrick Collins cases in his District were assigned to him). Courts across the country are growing increasingly skeptical of these cases; Judge Wright of the Central District of California, while presiding over a Malibu Media case, recently described this kind of litigation as "***essentially an extortion scheme***." *Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, p. 6 (emphasis added).

Plaintiff's "extortion scheme" business model depends on one thing: mis-joining multiple John Does into a single action based on a controversial theory of "swarm joinder," which is being rejected by a majority of courts around the country.[1] Since there is no controlling Circuit precedent on this issue, from any Federal Court of Appeal, and a few courts have endorsed "swarm joinder," plaintiff hopes that by parceling its cases out to as many Judges as possible, at least a few of them will bite on "swarm joinder." In short, plaintiff seeks to try and hedge its bets, and fly under the radar, by not relating its cases into a unified proceeding before a single Judge in a given judicial district.

---

[1] For more complete treatment of the propriety of joinder in this kind of case, the undersigned would refer the Court to John Doe's Motion to Sever All Does other than Doe No. 1, filed by the undersigned recently in *Malibu Media, LLC v. John Does 1-68*, N.D. Ill. Case No. 1:12-cv-06675, ECF No. 36, 11/8/12.

The result of this strategy has been a massive waste of limited judicial resources around the nation. Across the country, multiple judges within the same judicial district have frequently been asked to address identical issues in cases filed by the same plaintiff: should Malibu Media be allowed to conduct early discovery, despite having no real intention to name or serve anyone? Should Malibu Media be allowed to proceed with discovery despite mis-joinder of multiple, unrelated defendants into a single action, thus avoiding the payment of millions in filing fees? In California, where local rules provide that plaintiffs must file a Notice of Related Cases disclosing related actions upon filing a complaint, Malibu Media has routinely, and willfully, violated such rules, failing to file such notices, and then refusing to correct the error when called on the point. 1:12-cv-06675, ECF No. 36-1 (Dec'l. of Morgan E. Pietz) ¶6, 11/8/12.

Similarly, in this District, a material duplication of judicial labor is currently occurring, given that Malibu Media's 20 cases in this District have been assigned to nearly as many different Judges. Multiple Courts of this District are currently considering a flood of pre-service motions filed by putative John Does (many acting *pro se*) seeking to quash subpoenas seeking their identities, and sever the various defendants. In some cases, multiple courts are considering the *exact same* motions filed by the same attorneys, with identical briefing. Moreover, in the unlikely event that defendants were to actually be served in these cases, the duplication of judicial effort would get much worse. For example, currently ***ten (10) different Judges of this District are being asked to consider the validity of the same copyright for Plaintiff's pornographic work "Mina's Fantasy"*** (Judges Kocoras, Shadur, Zagel, Feinerman, Tharp, Castillo, Pallmeyer, Dow, Bucklo and Conlon). Dec'l. of Morgan E. Pietz, Exh. A.

Malibu Media sometimes attempts to defend its 'parcel identical cases out to as many Judges as possible' strategy by arguing that only cases involving the same cryptographic hash file are properly related to one another. First of all, as explained below, under this District's related case rule, all of Malibu Media's cases here are clearly related. However, even taking this position of Malibu Media's at face value, a careful look at the cases in this district shows that multiple judges in the districts are currently considering Malibu Media complaints involving the *exact same hash file*. Not only are multiple Judges currently adjudicating the same set of 20-70 copyrights,

but some Judges of this district are even considering the exact same mix of particular movies as other Judges of this district. Specifically: ***Judge Kocoras is presiding over a case involving the same "hash file" as Judge Tharp; Judge Aspen is presiding over a case involving the same "hash file" as Judge Feinerman and Judge Conlon; and Judge Zagel is presiding over a case involving the same "hash file" as Judge Bucklo***.

Accordingly, the undersigned would respectfully urge the Court to reassign these cases to Judge Kocoras, or to such other Judicial Officer as the Executive Committee sees fit. That way, a single judicial officer can set a uniform policy for this district with respect to mass-joinder and early discovery standards in pornographic mass infringement cases. All of these actions can easily be coordinated by a single Judge, particularly with respect to pre-service litigation.

## II.  POINTS OF COMMONALITY

Each of the Malibu Media cases in this district are identical in the following respects: (1) they were all filed by the same counsel; (2) they all utilize cookie-cutter pleadings, including an essentially identical complaint alleging the same causes of action for copyright infringement of various pornographic films (often the exact same films in different cases); (3) they all utilize an essentially identical motion seeking leave to issue third party subpoenas prior to the Rule 26(f) conference; (4) all of the motions seeking leave to issue subpoenas rely on the IP logging services of "IPP" and the declaration of its principal Mr. Tobias Fieser; (5) in each case, the same legal issues have arisen, including, notably, the permissibility of joinder and procedure for identifying the John Does; and (6) both plaintiffs employ the same group of notorious third-party "settlement negotiators" who work the phones pressuring John Does to "settle," and whose abuses are well chronicled by the Courts. 1:12-cv-06675, ECF No. 36-1 (Dec'l. of Morgan E. Pietz) ¶¶ 7–12, 11/8/12 (Malibu Media, Patrick Collins, K-Beech and others all use same "settlement negotiators"); *see e.g., In re: Adult Film Cases I, supra,* pp. 8-11 (chronicling abuses by K-Beech's settlement negotiators).

## III.  THE MALIBU MEDIA CASES IN THIS DISTRICT ARE RELATED

Per Local Rule 40.4(a), "Two or more civil cases may be related if one or more of the following conditions are met:

    (1) the cases involve the same property;
    (2) the cases involve some of the same issues of fact or law;
    (3) the cases grow out of the same transaction or occurrence; or
    (4) in class action suits, one or more of the classes involved in the cases is or are the same."
LR40.4(a).

Here, as shown in <u>Exhibit A</u> to the supporting Declaration of Morgan Pietz, all of the Malibu Media cases in this district allege infringement of the same group of 20-70 copyrighted pornographic films. Multiple cases involve the *exact same mix* of copyrighted works. Accordingly, the cases all involve the same intellectual property, LR 40.4(a)(1) is satisfied and the cases are related. This alone is a sufficient basis to relate the cases.

Further, all of these cases involve several identical issues of fact and law. Specifically, in each case, Malibu Media has sought leave of the Court to conduct early discovery, and issue subpoenas prior to the Rule 26(f) conference. In most cases, these subpoenas are being challenged by the putative John Doe defendants through motion practice. Further, in most cases, the putative John Does are raising the issue of whether joinder of multiple Does into single actions is appropriate. If these cases continue beyond the subpoena stage, each court is likely to be asked whether the mere fact that someone happens to pay the Internet bill is sufficient to serve as the basis for an allegation that this person is the actual infringer. Accordingly, the cases all involve many of the same issues of law and fact, and LR 40.4(a)(2) is also satisfied.

## IV. CONDITIONS FOR REASSIGNMENT ARE SATISFIED

Per Local Rule 40.4(b), "A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:
    (1) both cases are pending in this Court;
    (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
    (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
    (4) the cases are susceptible of disposition in a single proceeding.

Here, all of these conditions are met. First, all of the cases are pending in this district. Second, the handling of these cases would result in a substantial savings of judicial time and effort, for all of the reasons already explained above; a single Judge should coordinate a uniform

approach to these cases. None of the cases have progressed to a point where there would be any delay resulting from transfer. Indeed, nobody has yet been served in any of these actions. Finally, these cases are absolutely susceptible to disposition in a single proceeding. While a wide array of different fact issues are likely to arise, such that each individual Doe defendant should be severed into a single case, it makes sense to have a single Judge handle these issues and coordinate the cases. Moreover, after the cases are first transferred to a single Judge, and then hopefully each Doe is severed, any actions where service occurs can be consolidated at a later stage if the need should arise in the future.

## V. MANY OTHER DISTRICTS HAVE SIMILARLY CHOSEN TO ASSIGN ALL MALIBU MEDIA CASES TO A SINGLE JUDICIAL OFFICER

In response to similar efforts by the undersigned, all of Malibu Media's thirty-three (33) cases in the Central District of California were assigned to Judge Klausner. After accepting transfer of all 33 cases, Judge Klausner vacated all prior orders authorizing early discovery issued by courts in the Central District, and directed Malibu Media that if it wanted to issue subpoenas it would have to apply again for new leave to issue them. Malibu Media did so, and its renewed motion for early discovery was ultimately denied, and the Does were severed and dismissed (except Does No. 1 were not dismissed).

So too in the Eastern District of California; all of Malibu Media's cases pending there were assigned to the same team of Judicial officers. Shortly after the transfer, Judge Drozd issued orders in all of the cases reconsidering and vacating the orders authorizing early discovery, and recommending severance of the Does.

Similarly, all of the Malibu Media cases in the Southern District of California were transferred to Judge Burns. Judge Burns has not yet decided these cases. Other districts that have assigned all of the Malibu Media cases to a single Judge include the Eastern District of Virginia, Eastern District of New York, and the Eastern District of Pennsylvania.

## VI. CONCLUSION

For the foregoing reasons, Movant respectfully requests that all of the Malibu Media cases pending in this district be reassigned to Judge Kocoras, or to such other Judicial Officer as the Executive Committee sees fit.

DATED: November 9, 2012

Respectfully submitted,

| | |
|---|---|
|   /s/ Morgan E. Pietz   | /s/ Erin Kathryn Russell (with permission) |
| Pro Hac Vice | Local Counsel |
| Morgan E. Pietz (Cal. Bar No. 260629)<br>THE PIETZ LAW FIRM<br>3770 Highland Ave., Ste. 206<br>Manhattan Beach, CA 90266<br>mpietz@pietzlawfirm.com<br>Telephone:   (310) 424-5557<br>Facsimile:   (310) 546-5301 | Erin Kathryn Russell<br>233 South Wacker Drive<br>84th Floor<br>T: 312-994-2424<br>F: 312-706-9766<br>erin@russellfirmchicago.com |

Attorney for:
Putative John Doe "X" in 1:12-cv-6675


## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2012, the above document was submitted to the CM/ECF system, which sent notification of such filing(s) to the Plaintiff which is registered for electronic service.
      Check if Applicable:
    [ ]   Copies of these documents were also served via U.S. Mail, on this date, to the following parties, who are not registered for electronic service:
        N/A

| | |
|---|---|
| DATED: November 9, 2012 | THE PIETZ LAW FIRM |
| | /s/ Morgan E. Pietz<br>Morgan E. Pietz<br>THE PIETZ LAW FIRM<br>Attorney for Putative John Doe(s)<br>E-mail: mpietz@pietzlawfirm.com |